IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES ZURAF

    Plaintiff,

v.                                                   CIVIL ACTION NO. 2:15-cv-559

CLEARVIEW EYE CARE, INC.,
    D/B/A COASTAL VISION,

    Defendant.

## AMENDED MEMORANDUM OPINION & ORDER

Before the Court is Clear View Eye Care Inc.'s ("Defendant") Motion for Attorney Fees pursuant to Federal Rule of Civil Procedure 54(d). Mot. for Att'y Fees, ECF No. 54. This matter has been fully briefed and is ripe for disposition. A hearing will not aid judicial determination. For the reasons set forth herein, Defendant's Motion for Attorney Fees is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

This action arises from Defendant's alleged wrongful termination of, and failure to hire, James Zuraf ("Plaintiff") due to his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Compl. ¶ 11, ECF No. 1. The Complaint states, "at the relevant times alleged herein, Defendants were operating either as Clearview Eye Care, Inc. or were operating as general partners." *Id.* at ¶ 4. Furthermore, "Clearview has at least 15 employees." *Id.* at ¶ 5. According to the Complaint, "Defendants qualify as an 'employer' as set forth in the Age Discrimination in Employment Act of 1967 [("ADEA")], as codified, 29 U.S.C.§§ 621 et seq." *Id.* at ¶ 10. Plaintiff claims he "filed a Charge of Discrimination against

1

Clearview Eye care, Inc. [sic] d/b/a Coastal Vision and its owners for the unlawful employment practices set forth herein with the United States Equal Employment Opportunity Commission ("EEOC") and did so within the required time limits specified by law and regulation." *Id.* at ¶ 16. The EEOC sent Plaintiff a Notice of Right to Sue on or about September 28, 2015. *Id.* at ¶ 17; *Id.* at, Ex. 1.

Plaintiff filed his Complaint against Defendant on December 23, 2015. *Id.* Defendant filed a Motion to Dismiss and Motion to Award Fees on February 26, 2016. Mot. to Dismiss, ECF No. 4; and Mot. for Att'y Fees, ECF No. 6. Plaintiff responded in opposition to both motions on March 8, 2016. Mem. in Opp'n to Mot. to Dismiss, ECF No. 11; and Mem. in Opp'n to Mot. for Att'y Fees, ECF No. 12. Plaintiff also filed a Cross Motion to Award Fees on March 8, 2016. ECF No. 13. Defendants replied on March 11, 2016, and the Court partially granted Defendant's Motion to Dismiss, and denied Defendant's Motion for Attorney Fees on August 9, 2016. *See* Reply to Mot. to Dismiss, ECF No. 15; Reply to Mot. for Att'y Fees, ECF No. 16; and Mem. Order, ECF No. 17.

Defendant filed an Answer to the Complaint on September 20, 2016. Answer to Compl., ECF No. 25. The Court issued a Rule 16(b) Scheduling Order on October 27, 2016. Rule 16(b) Scheduling Order, ECF No. 27.

Defendant moved for a Settlement Conference on November 4, 2016. Mot. for Settlement Conference, ECF No. 28. Defendant also moved for clarification of the Court's Order on November 5, 2016. Mot. for Clarification Order, ECF No. 29. Plaintiff responded in opposition to both motions on November 14, 2016. Resp. in Opp'n to Mot. for Settlement Conference, ECF No. 30; and Resp. in Opp'n to Mot. for Clarification, ECF No. 31. Plaintiff

moved for attorney fees, and filed a supporting memorandum on November 14, 2016. Mot. for Att'y Fees, ECF No. 32 and Mem. in Supp. of Mot. for Att'y Fees, ECF No. 33.

Defendant filed Rebuttal Briefs for both the Motion for Clarification and the Motion for Settlement Conference, ECF Nos. 34-35, as well as a response in opposition to Plaintiff's Motion for Attorney Fees on November 17, 2016. Opp. Mot. to Att'y Fees, ECF No. 36. The Court denied Defendant's Motion for a Settlement Conference on November 18, 2016. Order Den. Mot. for Settlement Conference, ECF No. 37. The Court also clarified its Order on December 19, 2016. Clarification Order, ECF No. 38.

Plaintiff moved the Court to reconsider its Clarification Order and filed a supporting brief on January 5, 2017. Mot. for Recons., ECF No. 39; and Br. in Supp. to Mot. for Recons., ECF No. 40. Defendant responded in opposition to Plaintiff's Motion for Reconsideration on January 17, 2017. Opp'n to Mot, for Recons., ECF No. 41. Defendant also moved for a Protective Order and filed a supporting brief on January 20, 2017. Mot. for Protective Order, ECF No. 42; Mem. in Supp. of Mot. for Protective Order, ECF No. 23; and Mem. in Supp. of Mot. for Protective Order with Remaining Ex., ECF No. 44. The Court denied Plaintiff's Motion for Reconsideration. Order Den. Mot. for Recons., ECF No. 45. Plaintiff filed a memorandum in opposition to Defendant's Motion for Protective Order. Mem. in Opp'n to Mot. for Protective Order, ECF No. 46.

Plaintiff also moved for attorney fees and filed a supporting memorandum on January 31, 2016. Mot. for Att'y Fees, ECF No. 47; and Mem. in Supp. to Mot. for Att'y Fees, ECF No. 48. Defendant filed a Rebuttal Brief in support of its Motion for a Protective Order on February 1, 2017. Rebuttal Br. to Mot. for Protective Order, ECF No. 49. Defendant also filed a

memorandum in opposition to Plaintiff's Motion for Attorney Fees on that same day. Mem. in Opp'n to Att'y Fees, ECF No. 50.

Defendant moved to Amend its Answer, and filed a supporting memorandum on February 3, 2017. ECF No. 51. Plaintiff filed a Joint Stipulation of Dismissal on February 3, 2017. Joint Stipulation, ECF No. 53. Defendant moved for Attorney fees on February 17, 2017, Mot. for Att'y Fees, ECF No. 54, and filed a supporting memorandum on February 18, 2017. Mem. in Supp. to Mot. for Att'y Fees, ECF No. 55. Plaintiff filed a response in opposition to Defendant's Motion for Attorney Fees on February 27, 2017. Resp. in Opp'n to Mot. for Att'y Fees, ECF No. 56. Defendant filed a response in support of its Motion for Attorney Fees on March 2, 2017. Resp. in Supp. to Mot. for Att'y Fees, ECF No. 57. Plaintiff moved for a hearing on May 4, 2017. Pl.'s Req. for Hr'g on Mot. for Recons., ECF No. 63. Defendant opposed Plaintiff's Motion for Reconsideration on May 15, 2017. Opp'n to Mot. for Recons., ECF No. 64. The Court denied Plaintiff's Motion for Reconsideration on May 17, 2017. Order Den. Mot. for Recons., ECF No. 65.

## II. LEGAL STANDARD

The touchstone of any award of attorney fees and expenses is reasonableness. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that

4

a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an attorney fees award, the Court must determine a "lodestar fee." *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The United States Supreme Court ("Supreme Court") has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorney fee award, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that the twelve factors must be applied in determining the reasonable hourly rates and hours expended. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

5

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) *Blanchard v. Bergeron*, 489 U.S. 87 (1989); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert.* denied, 439 U.S. 934 (1978)).

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.' " *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held that, "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078. Ultimately, it is within the court's discretion, upon consideration of the lodestar factors, to alter the lodestar figure in accordance with its analysis. *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. 1992).

In determining "what constitutes a 'reasonable' number of hours and rate," the Court need not address all twelve factors independently, because "such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Freeman v. Potter*, No. 7:04cv276, 2006 WL 2631722, at *2 (W.D. Va. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9 (1983)).

### III. DISCUSSION

**(1) Factors One, Five, and Six: Required Time and labor; Customary fee; and Fixed or Contingent Fees**

Defense counsel seeks $50,131.50[1] in attorney fees, and $653.25 in costs ($100 for service of out-of-town witness subpoena on John Rybarczyk); $35 in courier expenses; and $518.25 for 2073 copies made in connection with depositions and discovery). Defense counsel

---

[1] Defendant has paid this amount in full, with the exception of defense counsel's most current statement.

6

supported her motion for attorney fees with billing statements showing that she completed 178.3 hours of work in this case. ECF No. 57-1. Defense counsel submitted a declaration, on her own behalf, attesting that her fees were reasonable and that she "reduced [her] standard hourly billing rate of $325 per hour in 2016 and $315 per hour in 2015." ECF No. 55-8 at 2. Defense counsel also attested that she did not submit hours for paralegal or support staff time, or any internal costs through January 1, 2017. *Id.* at 3.

Because the affidavit for attorney fees is submitted to provide the court with a survey of the legal market in the relevant practice area, and to determine the range of fees charged, an affidavit, submitted on one's own behalf, does not provide the court with a relevant survey of the market. *See Spangler v Colonial Ophthalmology*, 235 F. Supp. 2d 507, 511 (E.D. Va. Dec. 18, 2002); *see also United States ex rel. Ubl v. IIF Data Sol.*, No. 1:06cv641, 2010 WL 1726767, at *8 (E.D. Va. Apr. 28, 2010) ("[M]erely relying upon an attorney's own affidavit is [typically] insufficient to establish an acceptable market rate for attorney's fees under this factor."). As a result, the Court ordered defense counsel to submit an affidavit, from an attorney who was not a party to the matter, to attest to the reasonableness of defense counsel's fees. *See* ECF No. 59.

Defense counsel submitted an affidavit from attorney Raymond L. Hogge, Jr. ECF No. 60. Attorney Hogge, who has practiced law for twenty five years, and whose primary area of practice is employment law, attested that Defense counsel's "hourly rate of $325.00 is lower than the hourly rates charged by employment law practitioners in Hampton Roads having similar qualifications for litigation of this kind, and is reasonable." *Id.*

Pursuant to the foregoing, the court finds that defense counsel's rate, along with the number of hours worked in this case, are a reasonable basis for determining defense counsel's attorney fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful

starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate.").

In that same vein, defense counsel's attorney fee motion was not based upon a fixed rate or contingency fee agreement. Instead, defense counsel relied upon an hourly rate. As a result, the Court need not analyze this factor. For these reasons, the Court finds that defense counsel's customary fee is reasonable.

### (2) Second Factor: Novelty and Difficulty of the Questions

This case was a relatively straightforward ADEA case, and required minimal filings. *See also Spangler*, 235 F. Supp. 2d at 511. As a result, the Court finds that the issues presented in this case were neither novel nor difficult.

### (3) Third and Ninth Factors: Skill Requisite to Properly Perform the Legal Services and Counsel's Experience, Reputation, and Ability

In light of Defense counsel's experience in employment law, as well as the case revolving around issues that were neither novel nor difficult, this case did not require a heightened level of skill to properly perform the legal service in this case. Accordingly, Defense counsel's experience, reputation, and ability also support defense counsel's hourly rate and fee. For example, defense counsel has more fifteen years of experience working in the employment and labor law field. *See* ECF No. 55-8 at 3; ECF No. 60 at ¶ 17. Prior to establishing defense counsel's own labor and employment private practice, Defense counsel practiced Labor & Employment law with Williams Mullen; formerly ran Bowman Green Hampton & Kelly's Labor & Employment Department; and formerly practiced labor and employment law with the Jackson Lewis law firm. *Id.* Defense counsel is also the current president of the Chesapeake Bar Association, and has received a numerous accolades such as being chosen as a Virginia Super Lawyer from 2014-2017 in Labor and Employment, and being selected as a "Top Litigation Lawyer Under 40" by

the American Society of Legal Advocates. *Id.* at ¶ 20. According to attorney Hogge, defense counsel is also known "as one of the best employment law practitioners representing both employers and employees in employment law litigation in Hampton Roads." ECF No. 60 at ¶ 22. Pursuant to the foregoing, the Court finds that this factor is favorable for a finding that defense counsel's hours and rate are reasonable.

**(4) Fourth Factor: Preclusion of other employment by the attorney due to acceptance of the case**

This case lasted approximately one year. During that period, Defense counsel spent between 0.1 hours and 7.0 hours working on this case per day. While defense counsel consistently worked on this case, in one instance, for example, defense counsel halted all work on this case for approximately five months. Additionally, defense counsel rarely worked on this case every day. For these reasons, defense counsel was not precluded from taking on other employment as the result of accepting this case. Accordingly, this factor is not favorable for a finding that defense counsel's hours and rate are reasonable.

**(5) Eighth Factor: Amount Involved and Results Obtained**

As noted earlier, defense counsel has moved for $50,131.50 in attorney fees, and $653.25 in costs.

In the Fourth Circuit, "[t]he most critical factor in calculating a reasonable fee award is the degree of success." *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir.1998), (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); *Farrar v. Hobby*, 506 U.S. 103, 114–15 (1992). Plaintiff's degree of success is "entitled to great weight in the attorney's fee calculation." *Liberty Mut. Ins. Co. v. Emp. Res. Mgt.*, 176 F. Supp. 2d 510, 536 (D.S.C.2001). While Federal Rule of Civil Procedure 41(d) does not provide for an award of attorney fees as a matter of right, a district court may, ". . . within its discretion, award attorneys' fees where it makes a specific

finding that the plaintiff has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Andrews v. Am. Living Ctr., LLC*, 827 F.3d 306, 311 (4th Cir. 2016). Accordingly, "[a] determination of bad faith, vexation, or forum shopping is 'a finding of fact underlying the district court's discretionary decision to award fees,' and we review that finding for clear error." *Id.* at 312 (quoting Hyatt v. Shalala, 6 F.3d 250, 255 (4th Cir. 1993) (citing *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989)). Pursuant to the clearly erroneous standard, an appellate court should affirm a district court's determination unless the appellate court is "left with the definite and firm conviction that a mistake has been committed." *Andrews*, 827 F.3d at 312, (quoting *Mallory v. Booth Refrig. Supply Co.*, 882 F.2d 908, 909 (4th Cir. 1989)).

Here, Plaintiff voluntarily dismissed, and noted that the case was dismissed because "it became too expensive for Plaintiff to continue to pursue the matter." ECF No. 61 at 6. While the Court generally disallows attorney fees in such instances, as the Court noted in its previous Order, attorney fees are warranted in this case because Plaintiff's counsel was on notice that the claim was insufficiently pled at the motion to dismiss stage. As a result, the Court found that Plaintiff was, at a minimum, vexatious, because Plaintiff's counsel was on notice, at the motion to dismiss stage, that Plaintiff's claim was insufficiently pled. ECF No. 65; *see also Davis v. Target Stores Div. of Dayton Hudson Corp.*, 87 F. Supp. ("[T]he continuation of litigation of claims which have become frivolous has been held to amount to 'bad faith' justifying a fee award."); *but see Andrews*, 827 F.3d at 312 ("By its plain language, vexatious means 'without reasonable or probable cause or excuse.' ") (citing *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000) (quoting *Vexatious*, BLACK'S LAW DICTIONARY (7th ed. 1999)).

In the alternative, neither the Plaintiff nor the Defendant prevailed. As a result, it is unclear the extent to which the *Johnson/Kimbrell* analysis applies in determining an attorney fee award under Rule 41. *See Khair v. Countrywide Home Loans, Inc.*, No. 1:10cv140, 2011 WL 1304916, at *6 (E.D. Va. April 1, 2011). In the interest of mitigating waste, the Court finds that Defendant's wasted time and effort should be compensated. *See id.* But, as the Court previously ruled, defense counsel is also at fault for the advancement and some of the challenges of litigating this case. As a result, the Court finds that a downward adjustment in the lodestar award, by forty-percent, is warranted.

**(6) Factors Seven, Ten, Eleven and Twelve: Nature and length of the professional relationship with the client; Undesirability of the Case; Time Limitations Imposed by the Client or the Circumstances; and Similar Cases.**

Neither Plaintiff nor Defendant addresses any of these issues in their pleadings. Accordingly, the Court need not address these factors in its analysis. The Court will note, however, that other courts in this district have ruled in a similar fashion. *See Khair*, 2011 WL 1304916 at, * 6-7.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Attorneys' Fees and Costs is **GRANTED** in Part and **DENIED** in Part. The request to approve $50,131.50 in attorneys' fees is **DENIED**. After review of the petition, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES** $30,000 in attorneys' fees and $653.25 in costs.

Plaintiff is **ORDERED** to pay Defendant $30,000 fees and $653.25 in costs.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 10, 2017

/s/
Raymond A. Jackson
United States District Judge

11